RECEIVED
JUL - 2 2012
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DARYL J. ROGERS | CIVIL ACTION NO. 1:12-CV-515 |
| VERSUS | JUDGE DRELL |
| JAMES LEBLANC, ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Pro se plaintiff Daryl J. Rogers, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983. Plaintiff is an inmate in the custody of the Louisiana Department of Corrections (LDOC) and is incarcerated at the Avoyelles Correctional Center in Cottonport, Louisiana. Plaintiff complains about the lack of respect he receives in prison.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Allegations*

Plaintiff alleges that he sometimes has to wait five to thirty minutes to use the bathroom if he needs to go during prison counts. He claims that he has almost urinated on himself while waiting for the prisoner count to be completed. He also complains that "when [Plaintiff is] on the toilet when they come to count they make you get up, or write-up." He argues that he "can control what I eat, but not when it's time to come out." He asks that he be "rewarded $10,000.00 for the lack of respect" and for emotional and mental

pain. [Doc. #8, p.3-4]

## *Law and Analysis*

First, in order to state a claim under §1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and present factual, nonconclusory allegations that the alleged deprivation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). Here, Plaintiff complains about prisoner count interfering with his bathroom habits. Specifically, he complains about having to wait five to fifteen minutes to use the restroom during prisoner counts and having to get up from the toilet when it is time for a count. He has failed to allege a violation of the Constitution or laws of the United States, and his complaint must therefore be dismissed.

Second, even if Plaintiff's complaint is construed as alleging a claim regarding the Eighth and Fourteenth Amendments, his claim is frivolous. An Eighth Amendment claim has two required components. See Wilson v. Seiter, 501 U.S. 294, 298 (1991). The deprivation alleged must be sufficiently serious. See id. "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave" to constitute cruel and unusual punishment. Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). Also, the prison official must have acted with a sufficiently culpable state of mind. See id.; Farmer v. Brennan,

2

511 U.S. 825, 838 (1994). In prison conditions of confinement cases, that state of mind is deliberate indifference, which the Supreme Court has defined as knowing of and disregarding an excessive risk to inmate health or safety. See Wilson v. Seiter, 501 U.S. 294, 298 (1991).

Plaintiff has not alleged a serious deprivation - only the inconvenience of having to wait between five and thirty minutes to use the restroom. [Doc. #8, p.3] He complains about inmates having to sit or lie in their bed until the completion of the prisoner count. However, there are obvious legitimate penological interests in such a process. Plaintiff's complaint is entirely frivolous.

Finally, a Plaintiff cannot recover compensatory damages for emotional injury without the prior showing of a physical injury. 42 U.S.C.A. § 1997e ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.") Plaintiff has suffered no injury - merely inconvenience.

### Conclusion

For the forgoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED AND DISMISSED** with prejudice, as **frivolous**, pursuant to 28 U.S.C. §1915(e).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen

(14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. USAA, 79 F.3d 1415 (5th Cir. 1996).**

Thus done and signed at Alexandria, Louisiana, this ___ day of _____, 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE